UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY KARBOSKI,

       Plaintiff,

v.                                Case No.  8:12-cv-2033-T-33EAJ

CAROLYN COLVIN,
Commissioner of Social Security,

       Defendant.
_____/

**ORDER**

    This matter is before the Court on consideration of United States Magistrate Judge Elizabeth A. Jenkins's Report and Recommendation (Doc. # 13), filed on June 26, 2013, recommending that the decision of the Commissioner of Social Security denying Social Security benefits be reversed and remanded for further administrative proceedings.  As of this date, neither party has filed an objection to the report and recommendation, and the time for the parties to file such objections has elapsed.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.   28 U.S.C. § 636(b)(1);  Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).

In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.   28 U.S.C. § 636(b)(1)(C).   The district judge reviews legal conclusions de novo, even in the absence of an objection.   <u>See</u> <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge, and the recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The Report and Recommendation (Doc. # 13) is **ACCEPTED** and **ADOPTED.**

(2)   The decision of the Commissioner of Social Security denying benefits is **REVERSED** and **REMANDED** for further administrative proceedings.

2

(3)   The Clerk is directed to enter judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a sentence four remand, and thereafter to **CLOSE** the **CASE**.

(4)   The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed no later than 30 days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees. See In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2), No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of July, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: counsel of record

3