UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY PETER KARBOSKI,

    Plaintiff,

v.                      CASE NO:  8:12-cv-2033-T-33EAJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 16), filed on August 15, 2013. Plaintiff is seeking an award of $4,536.65 in attorney's fees and $350.00 in costs. For the reasons that follow, the Court grants the motion.

**A.** **Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 15). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

2. **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met here.

### 3. Claimant's Net Worth

Plaintiff's counsel represents to the Court that Karboski's net worth was less than $2 million at the time this action was filed (Doc. # 16-4 at ¶ 13), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

**B.   Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $4,536.65 in attorney's fees, representing 24.7 hours at an hourly rate of $183.67 as well as costs in the amount of $350.00.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A).

The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate. Here, the proposed hourly rate is $183.67, and the Commissioner does not oppose Plaintiff's proposed hourly rate. Thus, the Court will adopt the proposed hourly rate. The Court also determines that 24.7 hours of attorney time is reasonable in this case.

**C.   Payment of Fees**

The Supreme Court established in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to

a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Here, the record reflects that Karboski has assigned his right to receive EAJA fees to his counsel. (Doc. # 16-3 at 1). In addition, counsel represents that "the client has no objection to my collection of these fees." (Doc. # 16-4 at ¶ 12).

However, counsel indicates in his memorandum, "attorney fees under the Equal Access to Justice Act should be awarded and made payable to Plaintiff's attorney pursuant to the assignment <u>after it is determined that the claimant does not have outstanding federal debt subject to collection.</u>" (Doc. # 17 at 4)(emphasis added). The parties have not supplied the Court with information regarding whether Karboski owes a debt to the federal government. Based upon this open issue, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 16) **GRANTED** as specified herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u>

day of August, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

-6-